UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JEANNY GARCIA, an individual,

    Plaintiff,

vs.    CASE NO.:

MY GREEN, LLC d/b/a THE CLEANING AUTHORITY, a Florida limited liability company, YOBAYI J. MOLINA DETERNOZ, an individual, and MICHAEL BUSTAMENTE MILIAN, an individual,

    Defendants.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, Jeanny Garcia ("Plaintiff"), by and through undersigned counsel, hereby sues Defendants, My Green, LLC d/b/a The Cleaning Authority ("The Cleaning Authority"), Yobayi J. Molina Deternoz ("Yobayi Molina Deternoz"), and Michael Bustamente Milian ("Michael Bustamente Milian") (collectively hereinafter, "Defendants"), and alleges as follows:

**INTRODUCTION**

1.    This is an action brought pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* ("FLSA") to recover unpaid overtime compensation, liquidated damages, and attorneys' fees and costs.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the federal claims pursuant to 28 U.S.C. § 216 and 28 U.S.C. § 1331.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), as the events or omissions giving rise to the claims alleged herein occurred in Collier County, Florida.

## PARTIES

4. Plaintiff was and is a resident of Collier County, Florida. At all times pertinent, Plaintiff worked for Defendants in Southwest Florida as a house cleaner, compensated on an hourly basis.

5. Defendant, The Cleaning Authority, was and is a Florida limited liability company conducting business in Collier County, Florida and subject to the requirements of the FLSA. Defendant, The Cleaning Authority, is a franchise of a company, which has been in business since 1996 and has grown to include more than 225 locations across North America. Defendant, The Cleaning Authority, is an enterprise engaged in interstate commerce, or in the production of goods for interstate commerce, with an annual gross volume of revenue not less than Five Hundred Thousand Dollars ($500,000.00).

6. Defendant, Yobayi Molina Deternoz, was and is an individual who operated Defendant, The Cleaning Authority, and who regularly exercised the authority to: (a) hire and fire employees; (b) determine the work schedules for employees; and (c) control finances and operations. By virtue of having regularly exercised that authority on behalf of The Cleaning Authority and over Plaintiff, Defendant, Yobayi Molina Deternoz, is an employer as defined by 29 U.S.C. § 201 *et seq.*

7. Defendant, Michael Bustamente Milian, was and is an individual who operated Defendant, The Cleaning Authority, and who regularly exercised the authority to: (a) hire and fire employees; (b) determine the work schedules for employees; and (c) control finances and operations. By virtue of having regularly exercised that authority on behalf of The Cleaning Authority and over Plaintiff, Defendant, Michael Bustamente Milian, is an employer as defined by 29 U.S.C. § 201 *et seq*.

8. At all times material, Plaintiff was an employee of Defendants pursuant to 29 U.S.C. § 203(e)(1); Defendants were the employer of Plaintiff within the meaning of 29 U.S.C. § 203(a) and (d); and Defendants employed Plaintiff within the meaning of 29 U.S.C. § 203(g).

## COVERAGE

9. At all times material, Defendant, The Cleaning Authority was an enterprise owned and/or operated by Defendants, Yobayi Molina Deternoz and Michael Bustamente Milian, and covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203(s).

10. At all times material, Defendants were an employer as defined by 29 U.S.C. § 203(d).

11. Defendants are franchisees, and part of a large national chain.

12. Defendants routinely conduct business with residents of other states, as many of Defendants' customers reside out of state.

13. At all times relevant, Defendants had in excess of 350 recurring residential cleaning accounts. The accounts produced average an monthly revenue of at least $150.00

per month, per account. Defendants also offer other cleaning-related services (i.e., one time cleans, and move-in/move-out cleaning).

## GENERAL ALLEGATIONS

14. Defendants employed Plaintiff as a residential cleaner in Collier County, Florida and in Lee County, Florida for approximately four (4) months, from about December 17, 2019 through March 21, 2020.

15. Plaintiff's primary job duties were to disinfect, sanitize, and clean residential homes.

16. Defendants compensated Plaintiff at a rate of $17.00 per hour for certain houses, $13.00 per hour for other houses, and $8.50 per hour for training.

17. However, Defendants artificially limited Plaintiff's compensation to a maximum of 1.5 hours per house, regardless of how long it actually took Plaintiff to complete the job.

18. It often took Plaintiff in excess of the allotted time to complete a job, and Defendants would not compensate Plaintiff for time worked in a house in excess of 1.5 hours.

19. Defendants also failed to properly compensate Plaintiff for travel time between houses.

20. Plaintiff generally cleaned five (5) to six (6) houses per day for Defendants.

21. Plaintiff worked over forty (40) hours in one or more workweeks while employed by Defendants.

22. Throughout her employment with Defendants, Plaintiff was not properly compensated at one and one-half (1 and 1/2) her regular rate for overtime hours worked.

23. Despite working more than forty (40) hours in a workweek, Plaintiff did not receive overtime compensation at a rate not less than one and one-half (1 and 1/2) times her regular rate for such overtime hours.

24. Defendants knowingly, intentionally, and willfully violated the FLSA.

25. Plaintiff was forced to retain counsel to pursue these claims, and is obligated to pay counsel a reasonable attorneys' fee and costs.

26. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts to be paid to Plaintiff are in the possession, custody, and control of Defendants. Plaintiff does not have such records in her possession.

27. Defendants failed to properly keep track of Plaintiff's time in accord with the requirements of the FLSA.

28. Defendants intentionally altered Plaintiff's time records to thwart the requirements of the FLSA.

## COUNT I
### (Overtime Compensation Due Under the FLSA)

29. Plaintiff re-alleges paragraphs 1 through 28 as if set forth fully herein.

30. Plaintiff worked more than forty (40) hours in a week one or more weeks during her employment with Defendants.

31. Defendants failed to compensate Plaintiff overtime compensation at a rate not less than one and one-half (1 and 1/2) times her regular rate for hours worked over forty (40) in a workweek.

32. Defendants' failure to provide Plaintiff overtime compensation at a rate not less than one and one-half (1 and 1/2) times her regular rate for hours worked over forty (40) in a workweek constitutes a violation of the FLSA, 29 U.S.C. § 207.

33. Defendants' violations of the FLSA were knowing and willful.

WHEREFORE, Plaintiff respectfully requests that this Court:

a. accept jurisdiction over this action;

b. award damages for the amount of unpaid overtime compensation owed to Plaintiff;

c. award liquidated damages, pursuant to 29 U.S.C. § 215(b), in an amount equal to the overtime compensation owed to Plaintiff;

d. award post-judgment interest and reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b);

e. entry of final judgment against Defendants; and

f. award all other relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff does hereby demand a Jury Trial on all issues and claims so triable.

s/ Bradley P. Rothman
Bradley P. Rothman, Esq.
Florida Bar No. 0677345
brothman@weldonrothman.com
WELDON & ROTHMAN, PL
2548 Northbrooke Plaza Drive
Naples, Florida 34119
Tel: (239) 262-2141
Fax: (239) 262-2342
*Counsel for Plaintiff*