# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

**JEANNY GARCIA,**

    **Plaintiff,**

vs.                          Case No.: 2:20-cv-716-FtM-66NPM

**MY GREEN, LLC d/b/a THE CLEANING**
**AUTHORITY, YOBAYI J. MOLINA**
**DETERNOZ, and MICHAEL**
**BUSTAMANTE MILIAN,**

    **Defendants.**
_____/

## SETTLEMENT AGREEMENT AND RELEASE OF FLSA CLAIMS

THIS SETTLEMENT AGREEMENT AND RELEASE OF FLSA CLAIMS ("Agreement") is made by and between Plaintiff, JEANNY GARCIA ("Plaintiff") and Defendants, MY GREEN, LLC d/b/a THE CLEANING AUTHORITY ("My Green"), YOBAYI J. MOLINA DETERNOZ, and MICHAEL BUSTAMANTE MILIAN (collectively, the "Defendants"). Plaintiff and Defendants will jointly be referred to as the "Parties."

WHEREAS, My Green employed Plaintiff;

WHEREAS, Plaintiff alleges that individual defendants Yobayi J. Molina Deternoz ("Molina Deternoz") and Michael Bustamante Milian ("Bustamante Milian") also employed Plaintiff;

WHEREAS, Molina Deternoz and Bustamante Milian deny that they employed Plaintiff;

WHEREAS, Plaintiff alleges that Defendants owe her unpaid overtime compensation in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* (the "FLSA");

WHEREAS, the Defendants deny any violation of the FLSA and, in fact, assert that they complied with the FLSA at all times; and

WHEREAS, Plaintiff and Defendants wish to avoid further litigation and settle and resolve the controversy between them amicably and expeditiously;

NOW, THEREFORE, in consideration of the mutual covenants set forth herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is hereby

STIPULATED AND AGREED by and between the undersigned Parties that Plaintiff's FLSA claims in the above matter are resolved as follows:

1. **RECITALS**. The foregoing recitals are true and correct and are incorporated herein by this reference.

2. **ACKNOWLEDGMENTS**. Plaintiff acknowledges that the settlement reached herein is a fair and reasonable settlement of Plaintiff's FLSA claims against Defendants.

3. **RELEASE OF FLSA CLAIMS**.

    a. This Agreement shall constitute a waiver and release of all claims Plaintiff has or might have under the FLSA against Defendants.

    b. The Parties shall file a Joint Motion for Approval of Settlement and Dismissal of Action With Prejudice with the Court.

c. By executing this document, Plaintiff knowingly and voluntarily releases My Green, its parent corporations, franchisors, affiliates, subsidiaries, divisions, professional employer organizations, predecessors, insurers, successors and assigns, and their current and former employees, attorneys, officers, agents, representatives, directors and agents thereof, both individually and in business capacities, and their employee benefit plans and programs and their administrators and fiduciaries; and Molina Deternoz and Bustamante Milian and their respective heirs, executors, administrators, successors, and assigns (collectively "Releasees"), of and from any and all claims arising under the FLSA against any of the Releasees which Plaintiff has or might have as of the date of execution of this Agreement. This release does not include the waiver of claims by Plaintiff of any claims other than her FLSA claims.

4. **CONSIDERATION**.

a. In consideration of the matters set forth herein, and following receipt of a W-9 from Plaintiff and a W-9 from Plaintiff's counsel, Bradley P. Rothman, MY GREEN shall pay to Plaintiff the total sum of FOUR THOUSAND DOLLARS AND NO CENTS ($4,000.00) (hereinafter the "Settlement Sum"), less applicable deductions as described below.

b. The Settlement Sum shall be paid within 15 business days of the Court's approval of this Agreement and dismissal of this action with prejudice.

c. The Settlement Sum shall be delivered to Plaintiff's counsel, Bradley P. Rothman, Esq., Weldon & Rothman, PL, 2548 Northbrooke Plaza Drive, Naples, Florida 34119.

d. The Settlement Sum shall be broken down as follows: (1) one check payable to Jeanny Garcia in the amount of ONE THOUSAND TWO HUNDRED FIFTY DOLLARS AND NO CENTS ($1,250.00), less applicable withholdings, for which a W-2 will be issued; (2) one check payable to Jeanny Garcia in the amount of ONE THOUSAND TWO HUNDRED FIFTY DOLLARS AND NO CENTS ($1,250.00), representing alleged liquidated damages, for which an IRS Form 1099 will be issued; and (3) one check made payable to Weldon & Rothman, PL in the amount of ONE THOUSAND FIVE HUNDRED DOLLARS AND NO CENTS ($1,500.00), representing attorney's fees and costs, for which an IRS Form 1099 will be issued. **The amount payable to Plaintiff's counsel was negotiated separately from, and without regard to, the amount to be paid to Plaintiff in this action.**

e. Plaintiff understands and acknowledges that Plaintiff would not receive the payments specified in this paragraph except for Plaintiff's execution of this Agreement, including the Release of FLSA Claims contained herein, and Plaintiff's fulfillment of the promises contained herein.

f. Defendants make no representation as to the taxability of the amount paid to Plaintiff that is reported on an IRS Form 1099. Plaintiff agrees to pay her share of federal or state taxes, if any, which are required by law to be paid with respect to this settlement. Moreover, each of the Parties agrees to hold the other harmless from any interest, taxes or penalties assessed against her/it by any governmental agency as a result of the non-payment of taxes on any amount paid to Plaintiff or Plaintiff's counsel under the terms of this Agreement.

_____ Jeanny Garcia Initials

5. **AFFIRMATIONS**.

a. Plaintiff affirms that, upon payment of the amounts set forth herein, Plaintiff will have been paid and/or will have received a reasonable compromise as to her claimed unpaid compensation, liquidated damages related to her compensation, and attorney's fees and costs in connection with Plaintiff's claims for alleged unpaid wages.

6. **NO ADMISSION**. Neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by the Releasees of any liability, unlawful conduct of any kind or violation by the Releasees. This Agreement represents the compromise of disputed and contingent claims.

7. **OPPORTUNITY TO REVIEW**. Plaintiff acknowledges that she is aware that she is giving up all FLSA claims she may have against the Releasees. Plaintiff acknowledges that she has been advised in writing to consult with an attorney and has had the opportunity to seek legal advice before executing this Agreement. In fact, Plaintiff acknowledges that she has had the opportunity to consult with her counsel-of-record, Bradley P. Rothman, prior to executing this Agreement. Plaintiff signs this Agreement voluntarily.

8. **WAIVER OF JURY TRIAL. Upon full execution of this Agreement, Court approval of this Agreement, and payment of the Settlement Sum, Plaintiff and Defendants knowingly, voluntarily, and**

_____ Jeanny Garcia Initials

**intentionally waive any right to a jury trial with respect to any claims arising out of or connected to this Agreement.**

9. **SEVERABILITY**.  Should any provision of this Agreement set forth herein be declared illegal or unenforceable by any court of competent jurisdiction, such that it cannot be modified to be enforceable, excluding the release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect with respect to Plaintiff's FLSA claims.

10. **VENUE AND GOVERNING LAW**.  This Agreement shall be governed by the laws of the State of Florida without regard to its conflict of laws provisions.  In the event of any action arising hereunder, venue shall be proper in any state or federal court of competent jurisdiction in Lee County, Florida.

11. **ENFORCEMENT.**  In any action to enforce this Agreement, the prevailing party shall be entitled to recover its reasonable costs and attorneys' fees incurred in such action, in addition to any other relief which may be awarded by a court of competent jurisdiction.

12. **ENTIRE AGREEMENT AS TO FLSA.**  This Agreement sets forth the entire agreement between Plaintiff and Defendants as to settlement of FLSA claims.  Plaintiff acknowledges she has not relied on any representations, promises, or agreements of any kind made to her in connection with her decision to sign this Agreement, except those set forth in this Agreement.

13. **AMENDMENTS**. This Agreement may not be amended, modified, altered, or changed, except by a written agreement which is both signed by all Parties and which makes specific reference to this Agreement.

14. **MULTIPLE ORIGINALS.** A copy of the executed Agreement may be transmitted by email, facsimile, or other electronic means, and the Agreement may be executed in multiple counterparts, each of which shall be deemed an original, but all of which together shall constitute one instrument.

15. **THE SIGNATORIES HAVE CAREFULLY READ THIS ENTIRE SETTLEMENT AGREEMENT AND RELEASE OF FLSA CLAIMS. THE PARTIES HAVE BEEN REPRESENTED BY COUNSEL THROUGHOUT THE NEGOTIATION OF THIS AGREEMENT, AND HAVE CONSULTED WITH THEIR ATTORNEYS BEFORE SIGNING THIS AGREEMENT. THE PARTIES FULLY UNDERSTAND THE FINAL AND BINDING EFFECT OF THIS AGREEMENT. THE ONLY PROMISES OR REPRESENTATIONS MADE TO ANY SIGNATORY ABOUT THIS AGREEMENT ARE CONTAINED IN THIS AGREEMENT.**

**HAVING ELECTED TO EXECUTE THIS SETTLEMENT AGREEMENT AND RELEASE OF FLSA CLAIMS, TO FULFILL THE PROMISES SET FORTH HEREIN, AND TO RECEIVE THEREBY THE SETTLEMENT SUM AND BENEFITS SET FORTH IN PARAGRAPH 4 ABOVE, PLAINTIFF FREELY AND KNOWINGLY AND AFTER DUE CONSIDERATION ENTERS INTO THIS SETTLEMENT AGREEMENT AND RELEASE OF FLSA CLAIMS INTENDING**

_____ Jeanny Garcia Initials

INTENDING TO WAIVE, SETTLE AND RELEASE THE FLSA CLAIMS PLAINTIFF HAS OR MIGHT HAVE AGAINST RELEASEES.

THE PARTIES ARE SIGNING THIS AGREEMENT VOLUNTARILY AND KNOWINGLY.

Dated: 1/6, 2020

_____
JEANNY GARCIA

Dated: 01/12, 2020

MY GREEN, LLC
By: _____
On behalf of My Green, LLC:
Print: YOBAYI MOLINA
Title: OWNER

Dated: 01/12, 2020

_____
YOBAYI J. MOLINA DETERNOZ

Dated: 01/12, 2020

_____
MICHAEL BUSTAMANTE MILIAN

4844-1040-6869, v. 1

J60 Jeanny Garcia Initials          Page 8 of 8