UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JEANNY GARCIA,

    Plaintiff,

v.                                                                      Case No:   2:20-cv-716-JLB-NPM

MY GREEN, LLC, YOBAYI J. MOLINA
DETERNOZ, and MICHAEL
BUSTAMENTE MILIAN,

    Defendants.
_____

## ORDER

The parties in this case move for Court approval of their Fair Labor Standards Act ("FLSA") Settlement Agreement (Doc. 22-1) and ask that the Court dismiss this case with prejudice (Doc. 22 at 2).   After careful review of the parties' filings, the record, and the applicable legal standards, the Court finds that the Settlement Agreement—as modified by this Order—is a "fair and reasonable resolution of a bona fide dispute."   Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1354–55 (11th Cir. 1982).

Under the Settlement Agreement, Plaintiff will receive $1,250 in unpaid wages and an equal amount in liquidated damages.   (Doc. 22-1 ¶ 4(d).) Additionally, Plaintiff's attorney's fees and costs of $1,500 were "negotiated separately from, and without regard to, the amount to be paid to Plaintiff in this action."   (Id.)   Although Plaintiff has not provided the Court with an estimate of her damages, the Complaint represents that she worked for Defendants as a

residential cleaner for about four months.  (Doc. 1 ¶ 1.)  Defendants would pay her $17 per hour for cleaning certain houses, $13 per hour for other houses, and $8.50 per hour for training.  (Id. ¶ 16.)  Regardless of how long it took Plaintiff to actually clean a house, "Defendants artificially limited Plaintiff's compensation to a maximum 1.5 hours per house."  (Id. ¶ 17.)

On balance, the unpaid-wage terms appear fair and reasonable considering the range of possible recovery, the probability of Plaintiffs' success on the merits, and that the parties were represented by counsel.  Cf. Coleman v. Target Corp., No. 6:12-cv-1315-Orl-37GJK, 2013 WL 867891, at *3 (M.D. Fla. Mar. 1, 2013) ("The Court should be mindful of the strong presumption in favor of finding a settlement fair." (citing Cotton v. Hinton, 559 F.2d 1326, 1331 (5th Cir. 1977)).

Finally, turning to the nonmonetary provision at issue, the Settlement Agreement contains a jury trial waiver provision under which Plaintiff waives "any right to a jury trial with respect to any claims arising out of or connected to" the Settlement Agreement.  (Doc. 22-1 ¶ 8.)[1]  "[A] suit for lost wages under the [FLSA] carries a seventh amendment jury right."  Mitchell v. Consol. Freightways Corp., 747 F. Supp. 1446, 1451 n. 4 (M.D. Fla. Sept. 24, 1990) (citing Wirtz v. Jones, 340 F. 2d 901, 904 (5th Cir. 1965)).[2]  Not only are such waivers disfavored,

---

[1] The Settlement Agreement also contains a release of claims.  (Doc. 22-1 at 2–3 ¶ 3.)  But it is a limited release and "does not include the waiver of claims by Plaintiff of any claims other than her FLSA claims."  (Id. at 3 ¶ 3(c).)

[2] All decisions of the former Fifth Circuit handed down before October 1, 1981 are binding precedent in the Eleventh Circuit.  Bonner v. City of Prichard, 661 F. 2d 1206, 1209 (11th Cir. 1981) (en banc).

but nothing in the parties' motion nor their Settlement Agreement explains what, if anything, Plaintiff receives in exchange for this waiver.   See, e.g., Raynon v. RHA/Fern Park Mr., Inc., No. 6:14-cv-1112-Orl-37-TBS, 2014 WL 5454395, at *3 (M.D. Fla. Oct. 27, 2014) (severing and deleting jury waiver provision of FLSA settlement agreement); Rugeles v. Riker's Roadside Servs., LLC, No. 6:18-cv-2218-Orl-22GJK, 2019 WL 5196909, at *4 (M.D. Fla. Mar. 28, 2019), adopted, 2019 WL 5188277 (M.D. Fla. Apr. 2, 2019) (same).

Even so, the Settlement Agreement contains a severability clause allowing the Court to strike the jury trial waiver provision.   (Doc. 22-1 ¶ 10.)   The Court will do so here.

Accordingly, it is hereby **ORDERED**:

1. The Joint Motion to Approve Settlement and Dismiss Action with Prejudice (Doc. 22) is **GRANTED IN PART** and **DENIED IN PART**.

2. The jury trial waiver provision of the Settlement Agreement (Doc. 22-1 ¶ 8) is **STRICKEN**.

3. This case is **DISMISSED WITH PREJUDICE**.   The Clerk of Court is **DIRECTED** to terminate any pending deadlines and close the file.

4. The Joint Motion (Doc. 22) is **DENIED** to the extent it seeks any greater or different relief than this Order grants.

**ORDERED** at Fort Myers, Florida, on April 30, 2021.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE